The STATE BOARD OF EQUALIZATION, and DAN FULTON, JOHN C. ALLEY, and J. MORLEY COOPER as MEMBERS OF AND, CONSTITUTING THE STATE BOARD OF EQUALIZATION, Plaintiffs and Appellants, v. PETE VANDERWOOD, as County Assessor of the County of Lincoln et al., Defendants and Respondents.

No. 10970.

Submitted December 1, 1965. Decided December 30, 1965.

409 P.2d 437.

William A. Douglas (argued), Helena, for appellants.

Marshall Candee, County Atty. (argued), Libby, for respondents.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from a judgment entered upon an order granting a motion to dismiss, which motion was grounded on failure to state a claim against defendants.

Plaintiffs are the State Board of Equalization and its members, and are hereinafter referred to as appellants.

Defendants are the County Assessor, County Clerk and Recorder, Board of County Commissioners and its members, all of Lincoln County, hereinafter referred to as respondents.

Appellants filed their complaint seeking a Declaratory Judgment. The complaint was precipitated by respondents declining to comply with a directive issued by appellants, and asserting that they, respondents, were going to reduce assessments on all other classes of property in the same proportion that the appellants had reduced the assessments of the Great Northern Railroad over a several year period. The details are more fully set forth in State ex rel. State Board of Equalization v. Vanderwood, 146 Mont. 276, 405 P.2d 652. The respondents indicated that their course of action was in defiance of the State Board's directive.

The appellants' cause of action was on two grounds: (1) that respondents could not base a change in the assessments on a change in assessments made by the appellants on utilities and railroads; and (2) that respondents could not deviate from the assessed values specified in its directives.

The trial court based its order on the second ground in that it determined the appellant Board did not have power to issue its directive setting assessed values on agricultural lands, city and town lots, and improvements.

This is erroneous. Our opinions in State ex rel. State Board of Equalization v. Vanderwood, supra, 146 Mont. 276, 406 P.2d 652, and State ex rel. State Board of Equalization v. Koch, 145 Mont. 765, 401 P.2d 765, have settled this matter. The State Board does have power to issue directives. Therefore, the trial court's order dismissing appellants' complaint is reversed. Admittedly the trial court did not have the benefit of our opinions in the above-cited cases.

On appeal, the respondents assert that the remedy of Declaratory Judgment is improper and further that the complaint did not allege facts showing that all administrative remedies had been exhausted. As to this latter matter, it can be fairly said that the position of the county board would not have been altered one bit by hearings, further directives or anything else. Respondents' counsel states that it is unfortunate that references to the Great Northern Railroad's assessments overshadow what he calls important problems. That is true, but it is also the real heart of the reasoning of the respondents, and why it was and is proper to have a court declare by judgment the rights and duties of administrative boards.

By what we have said heretofore, the judgment appealed from is reversed and ordered set aside.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES JOHN C. HARRISON, DOYLE and ADAIR concur.